**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                    Case No: 11-44797-PGH
                                                                          Chapter 13

    VANESSA HILL
    _____Debtor_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
**ON REAL PROPERTY BY: ONEWEST BANK  AND CERTIFICATE OF SERVICE OF**
**COURT GENERATED NOTICE OF HEARING UPON FILING OF INSTANT MOTION**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of   **ONE WEST BANK**         (the "Lender").  Lender holds a mortgage recorded at OR Book   **2000**  Page   **1219**  in the official records of Palm Beach County, Florida.

    2. The real property is located at **2501 S OCEAN BLVD, #105, BOCA RATON , FL 33432** and is more particularly described as follows:

   **CONDOMINIUM PARCEL NO 105 OF BOCA CAPRI CONDOMINIUM APTS. A condominiums, according to the Declaration thereof, as recorded in official records  1131 at Page 465, of Public Records of palm Beach County  County, FL**

3.  At the time of the filing of this case, the value of the real property is **$150,000.00** as determined by Debtor's internet research (i.e <u>www.eppraisal.com</u>).

4.  <u>ONE WEST BANK</u> hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of **$ 239,383.00 .**

5.  *(Select only one):*

    <u> x </u>  Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

    ___  Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____ .

6.  The undersigned reviewed the docket and claims register and states (select only one):

    <u> x </u>  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

    or

    ___  Lender filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.  The subject real property may not be sold or refinanced without proper notice and further order of the court.

    **WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the

Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

<u>**CERTIFICATE OF SERVICE** *AND COMPLIANCE*</u>
<u>*WITH LOCAL RULES 3015-3(A)(1) AND  9073-1(D)*</u>

I hereby certify that a copy of this Motion and the Court Generated Notice of Hearing upon filing of instant motion was served pursuant to Bankruptcy Rule 7004 on the Chapter 13 trustee and the following affected parties on March 20, 2012 and that I have conferred with opposing counsel in an attempt to resolve these issues before requesting this hearing:

| **Served Upon: Electronically** | **Served VIA CERTIFIED US Mail:** |
|---|---|
| Robin Weiner , Trustee | ONEWEST BANK<br>c/o Steven T Mmuchin, CEO or other officer<br>888 E Walnut Street<br>Pasadena, CA 91101 |

   /s/ FILED VIA ECF
Law Office of Mitchell J. Nowack, P.A.
Mitchell J. Nowack, Esq.
Fla. Bar # 099661
8180 NW 36th Street, Suite 209
Miami, Florida 33166
(305) 698-2265