

ORDERED in the Southern District of Florida on September 4, 2012.

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                              Case No: 11-44797-PGH
                                                    Chapter 13
    VANESSA HILL
          Debtor             /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY  ONEWEST BANK.**

THIS CASE came to be heard on June 7, 2012 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 34; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at

**2501 S OCEAN BLVD, #105, BOCA RATON, FL 33432** and more

particularly described as**:**

LF-92 (rev. 01/08/10)

**CONDOMINIUM PARCEL NO 105 OF BOCA CAPRI CONDOMINIUM APTS. A condominiums, according to the Declaration thereof, as recorded in official records 1131 at Page 465, of Public Records of palm Beach County  County, FL**

is $ 150,000.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of ONEWEST BANK. (the "Lender") is $239,383.00.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 0.00 .

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded at OR BOOK  2000 Page  1219 of the official records of  Palm Beach County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

    X   Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general

LF-92 (rev. 01/08/10)

                unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

        \_      Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Mitchell J. Nowack, Esq.
8180 NW 36th Street
Suite 209
Miami, Florida 33166

Attorney, Mitchell J. Nowack, Esq., is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt thereof

| **Served Upon: Electronically** | **Served VIA CERTIFIED US Mail:** |
|---|---|
| Robin Weiner , Trustee | ONEWEST BANK<br>c/o Steven T Mmuchin, CEO or other officer<br>888 E Walnut Street<br>Pasadena, CA 91101 |

LF-92 (rev. 01/08/10)